[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 21-11121

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY ATKINSON,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:04-cr-60072-KAM-1

————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Gregory Atkinson, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act,[1] and the denial of his motion for reconsideration. He contends the district court erred in finding he did not show an extraordinary and compelling reason for granting compassionate release based on a COVID-19 outbreak at his facility, his asthma, and his rehabilitation. He also asserts the 18 U.S.C. § 3553(a) factors weigh in favor of his release. After review, we affirm.

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). Under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are extraordinary and compelling reasons for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If the district court finds against

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) (First Step Act).

the movant on any one of these requirements, it cannot grant re-lief. *United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. The commen-tary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided the court de-termines the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See id.* § 1B1.13 & comment. (n.1). The commentary lists a defend-ant's medical condition, age, and family circumstances as possible extraordinary and compelling reasons warranting a sentence re-duction. *Id.* § 1B1.13, comment. (n.1). A defendant's medical con-dition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). Family cir-cumstances that may warrant a sentence reduction are (1) the inca-pacitation of the caregiver of the defendant's minor child, or (2) the incapacitation of the defendant's spouse or partner when the de-fendant would be the only available caregiver for their partner. *Id.*, comment. (n.1(C)). The commentary also contains a catch-all pro-vision for "other reasons," which provides a prisoner may be eligi-ble for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an ex-traordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

"[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.*, comment. (n.3).

The policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts cannot reduce a sentence under § 3582(c)(1)(A) unless it would be consistent with § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). Notably, following the enactment of the First Step Act, § 1B1.13 continues to constrain a district court's ability to evaluate whether "extraordinary and compelling" reasons are present, and "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248.

The district court did not abuse its discretion by denying Atkinson's motion for compassionate release. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (reviewing a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion). The only medical issue Atkinson asserts is asthma, but he does not show how he would be unable to provide adequate self-care while incarcerated, despite the outbreak of COVID-19 in the prison. *See Giron*, 15 F.4th at 1346 (holding the district court did not abuse its discretion in determining the movant's health conditions of high cholesterol, high blood pressure, and coronary artery disease were manageable in prison, despite the COVID-19 pandemic, and thus did not constitute extraordinary and compelling

reasons warranting a reduction). The district court correctly determined Atkinson's rehabilitation and the injury to his mother could not be extraordinary and compelling reasons either. *See Bryant*, 996 F.3d at 1262; U.S.S.G. § 1B1.13, comment. (n.1(C)) & (n.3). Therefore, the district court did not abuse its discretion by denying Atkinson's underlying motion for compassionate release based on his failure to demonstrate an extraordinary and compelling reason warranting his release, and we need not reach the application of the § 3553(a) factors. *See Giron*, 15 F.4th at 1347-48.

Additionally, the district court did not abuse its discretion by denying Atkinson's motion for reconsideration. *See United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (reviewing the denial of a motion for reconsideration for abuse of discretion). His motion asked the court to consider his reply, which restated the same arguments he made in his initial motion about the COVID-19 outbreak in his facility and his medical conditions rather than raise issues that could justify a different decision. *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014) (explaining a "motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

Accordingly, we affirm.

**AFFIRMED.**